Penelope J. MANNERS, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 97–35T.

United States Court of Federal Claims.

Aug. 27, 1999.

Penelope J. Manners, Great Falls, Virginia, pro se plaintiff.

Elizabeth D. Seward, Department of Justice, Washington, D.C., with whom was Assistant Attorney General Loretta C. Argretti, for defendant. Mildred L. Seidman, Chief, Court of Federal Claims Section, of counsel.

## OPINION

FUTEY, Judge.

This tax case is presently before the court on defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment. The parties dispute plaintiff's entitlement to exclude from gross income certain monies paid to plaintiff by International Business Machines Corporation (IBM) as part of an exit incentive program in which plaintiff participated.

### Factual Background

Plaintiff commenced employment with IBM on July 7, 1967. In 1993, IBM announced an Application Solutions Transition Option Program (ASTO), a type of exit incentive program. Employees approved to participate in the program could, depending on their particular circumstances: (1) retire; (2) resign; or (3) take a pre-retirement leave of absence.

On May 17, 1993, plaintiff requested participation in the ASTO Year 2000 Bridge, which was open to employees who were eligible for retirement by the year 2000. IBM approved plaintiff's request to participate in this program.

As a participant, plaintiff received monetary and non-monetary benefits. The monetary benefit included a lump sum payment of $51,835.[1] The non-monetary benefits included: (1) continuation of coverage under IBM's

---

1. This amount represents a gross separation pay of $67,435, less withholding of federal income taxes, state income taxes, and Social Security taxes.

group life insurance; (2) continuation of coverage under IBM's medical and dental plans; (3) out-place assistance; and (4) continued eligibility for other IBM programs.

Under the terms of the ASTO, plaintiff agreed to leave active employment with IBM on June 30, 1993, and further agreed to retire on August 1, 1997. In addition, as a condition of participation in the ASTO, plaintiff was required to sign a "GENERAL RELEASE AND COVENANT NOT TO SUE" (release). The release provides, in relevant part:

In exchange for the sums and benefits which you will receive pursuant to the terms of the Application Solutions Transition Option Program (ASTO), [plaintiff] (hereinafter "you") agrees to release International Business Machines Corporation (hereinafter "IBM") and its benefits plans from all claims, demands, actions or liabilities you may have against IBM of whatever kind, including but not limited to those which are related to your employment with IBM, the termination of that employment or other severance payments or your eligibility or participation in the Retirement Bridge Leave of Absence.

. . . .

You also agree that this release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, and any other federal, state or local law dealing with discrimination in employment, including but not limited to discrimination based on sex, race, national origin, religion, disability, veteran status or age. You also agree that this release includes claims based on theories of contract or tort whether based on common law or otherwise. This agreement covers both claims that you know about and those that you may not know about which have accrued by the time you execute this release.

. . . .

You acknowledge and agree that:

1. The payment and benefits provided pursuant to the terms of the ASTO constitute consideration for this release, in that they are payments and benefits to which you would not have been entitled had you not signed this release.

. . . .

3. This release does not waive any claims that you may have which arise after the date you sign this release.

. . . .

This release is not effective or enforceable for seven days after you sign it, and you may revoke it during that time.[2]

Plaintiff and her husband filed a timely federal income tax return with the Internal Revenue Service (defendant) for 1993. On November 28, 1994, plaintiff filed a claim for refund of the taxes withheld from the separation payment she received from IBM. According to plaintiff, the amount she received was excluded from gross income pursuant to I.R.C. § 104(a)(2) as a payment in settlement of a tort type claim for personal injury. Defendant disallowed plaintiff's claim on January 5, 1995.

Plaintiff, *pro se*, filed suit in this court on January 17, 1997, arguing the amount paid to her by IBM "was a settlement for a tort[ ]type injury, in this case age discrimination, and, as such, is not taxable."[3] On December 31, 1997, defendant filed its motion for summary judgment, arguing that, because the payment to plaintiff was not made in settlement of a tort type claim for personal injury, the amount is not excluded under I.R.C. § 104. Defendant further argues that, even if plaintiff can prove the payment was a settlement for a tort type injury, a payment premised upon an age discrimination claim must nevertheless be included in gross income. Plaintiff filed her cross-motion for summary judgment on February 2, 1998.[4]

---

2. Joint Stipulation of Facts, filed November 24, 1997, Exhibit 6 at 74, 75–78.

3. Complaint (Compl.) at 5.

4. In addition, on May 6, 1998, an *amicus curie* brief was filed by counsel representing the plaintiffs in a related case before this court. In that case, the plaintiffs are 2,621 individuals that signed a release similar to plaintiff's, but alleged

## Discussion

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Jay v. Secretary, DHHS*, 998 F.2d 979 (Fed.Cir. 1993). A fact is material if it might significantly affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. The fact that both parties have moved for summary judgment does not relieve the court of its responsibility to determine the appropriateness of summary disposition. *Prineville Sawmill Co. v. United States*, 859 F.2d 905, 911 (Fed.Cir. 1988) (citing *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed.Cir. 1987)). A cross-motion is a party's claim that it alone is entitled to summary judgment. *A Olympic Forwarder, Inc. v. United States*, 33 Fed.Cl. 514, 518 (1995). It therefore does not follow that if one motion is rejected, the other is necessarily supported. *Id.* Rather, the court must evaluate each party's motion on its own merit and resolve all reasonable inferences against the party whose motion is under consideration. *Id.* (citing *Corman*, 26 Cl.Ct. at 1014).

■ Section 61(a) of the Internal Revenue Code defines gross income as "income from whatever source derived." In this regard, the Code defines income broadly to reflect Congress' intent to tax all gains not specifically exempted. *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429–30, 75 S.Ct. 473, 99 L.Ed. 483 (1955). One such exemption can be found in I.R.C. § 104(a)(2) (1994), which provides that gross income does not include "the amount of any damages received (whether by suit or agreement and whether as lump-sums or as periodic payments) on account of personal injuries or sickness."

The implementing regulation further explains:

> The term "damages received (whether by suit or agreement)" means an amount received (other than workman's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution.

Treas. Reg. § 1.104–1(c) (as amended in 1970).

■ In *Commissioner v. Schleier*, 515 U.S. 323, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995), the United States Supreme Court found that in order for an amount to be excluded under § 104(a)(2), the taxpayer must demonstrate that: (1) the underlying cause of action is "based upon tort or tort type rights"; and (2) the damages received were "on account of personal injuries or sickness." *Id.* at 337, 115 S.Ct. 2159. Significantly, the Court held that an action under the Age Discrimination in Employment Act of 1967 is not a tort type injury and thus, any monetary damages received on account of the claim can not be excluded from gross income under § 104(a)(2). *Id.* at 334, 337, 115 S.Ct. 2159.

In the case at bar, plaintiff's cause of action must fail because she has only alleged a claim premised upon age discrimination.[5] As the Supreme Court unequivocally held in *Schleier*, damages received as a result of an age discrimination claim are not tort type injuries, and thus can not be excluded from gross income. *Id.* Accordingly, the court finds in favor of defendant and grants its motion for summary judgment.

## Conclusion

■ For the above-stated reasons, the court concludes the payment received by plaintiff from IBM must be included in gross income. Accordingly, the court grants defendant's motion for summary judgment and

---

tort type claims other than age discrimination. After conducting a telephonic conference with the parties, including *amicus curie*, on October 8, 1998, the court determined that this case should be stayed pending the resolution of the case litigated by *amicus curie*. *See Manners v. United States*, No. 97–35T (Fed.Cl. Oct. 8, 1998) (order suspending proceedings). On July 9, 1999, the

case litigated by *amicus curie* was dismissed. *See Abrahamsen v. United States*, 44 Fed.Cl. 260, 271 (1999) ("payments IBM made were not tied to plaintiffs' tort claims and were not paid 'on account of' any personal injuries").

5. Compl. at 4, 5.

denies plaintiff's cross-motion for summary judgment. The Clerk is directed to dismiss plaintiff's complaint in its entirety. No costs.